# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6347 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Caldera Pharmaceuticals, Inc. v. Los Alamos National Security, L.L.C. et al. | | |

**DOCKET ENTRY TEXT**

Motion by Defendant UChicago Argonne, L.L.C. to dismiss [26] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    In September 2005, plaintiff Caldera Pharmaceuticals, Inc. ("Caldera") entered into a patent licensing agreement with the Regents of the University of California, which later assigned the agreement to defendant Los Alamos National Security LLC ("LANS"). According to Caldera, the agreement gave it exclusive rights to certain patents and patent applications pending in the United States and foreign countries. Caldera claims that LANS has completely disregarded the agreement's exclusivity provision. Compl. ¶ 101. Caldera further alleges that UChicago Argonne LLC ("Argonne") is currently using and developing the technology that was purportedly licensed exclusively to Caldera. The complaint also claims that "Argonne entered into a partnership or joined forces in an effort to sell, use, disclose Plaintiff's technology to certain customers and to the public." Pl.'s Resp. at 3. In Count I of the complaint, Caldera seeks a declaration that LANS and Argonne "are making, having made, using, importing, selling, or offering to sell LICENSED INVENTIONS or LICENSED SERVICES under the PATENT RIGHTS," and an injunction prohibiting LANS and Argonne from continuing to violate the agreement in the future.

    Argonne has moved to dismiss Count I (the only count in which it is named as a defendant). Argonne first argues that it must be dismissed from Count I pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. According to Argonne, there is no case or controversy between it and Caldera. Argonne argues that Caldera cannot bring a breach-of-contract claim against it because Argonne is not a party to the licensing agreement

between LANS and Caldera. Argonne also argues that since Caldera is not a patentee, it lacks standing to bring a patent infringement against Argonne. Rather than disputing these arguments, Caldera disavows any reliance on either a breach-of-contract or a patent-infringement theory. *See* Pl's. Resp at 8. Unfortunately, Caldera never affirmatively explains what its claim against Argonne is premised on. Since it is Caldera's burden to show the presence of subject matter jurisdiction, its failure to be forthcoming on this point warrants dismissal. *Muscarello v. Ogle County Bd. of Com'rs*, 610 F.3d 416, 425 (7th Cir. 2010) ("It is well established that the burden of establishing proper federal subject-matter jurisdiction rests on the party asserting it."); *cf. Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 810 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

For largely the same reasons, Caldera also fails adequately to respond to Argonne's Rule 12(b)(6) argument. Against Argonne's claim that Caldera has failed to state a claim upon which relief might be granted, Caldera simply states that its complaint "is sufficiently factual and complete and its action against Argonne is properly pled," and repeats its claim that "Defendant Argonne, **in concert with LANS**, is currently commercially **using and developing the technology** that Regents licensed exclusively to Caldera"; and "Defendant LANS, **in conjunction with Argonne**, solicited, by publication and otherwise, customers to use technology owned by Plaintiff." Pl.'s Resp. at 7-8 (emphasis in original). Merely restating these allegations in boldface type does nothing to identify a viable cause of action. Caldera's failure to respond warrants dismissal. *See, e.g.*, *Ball v. City of Chicago*, No. 90 C 2331, 1991 WL 152897, at *10 (N.D. Ill. Aug. 1, 1991) ("The Court can discern no basis for any claim pursuant to the First Amendment. Moreover, plaintiff's responsive brief fails to address defendants' motion to dismiss any First Amendment claim. Accordingly, any such claim is dismissed with prejudice."); *Combined Counties Police Ass'n v. City of Evanston*, No. 91 C 528, 1991 WL 104139, at 2 (N.D. Ill. June 12, 1991) ("The court notes that plaintiffs appear to concede these arguments, since they ignored them in their response to the motion to dismiss."). It is true that complaints need not plead legal theories. "However, when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995).

For these reasons, Argonne's motion to dismiss is granted.